# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1105 | **DATE** | March 20, 2013 |
| **CASE TITLE** | Isaac Phifer, et al. (#94031) v. Kane County Adult Jail | | |

**DOCKET ENTRY TEXT:**

Plaintiff Phifer's motion to proceed *in forma pauperis* [#3] is granted and the initial partial filing fee is waived. The Clerk shall send a copy of this order to the inmate trust account office at the Kane County Jail to facilitate compliance with the order. Plaintiffs Ramon Pickens, Omar Martillo, and Nicholas Seidel having failed to submit i.f.p. applications, or to pay the statutory filing fee, are dismissed as Plaintiffs. Plaintiff Phifer's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is closed on the Court's docket. Any other pending motions are denied as moot. This is one of Plaintiff Phifer's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff Phifer's motion for assistance of counsel [#4] is denied.

■[**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

     Plaintiffs are pre-trial detainees in custody at the Kane County Jail, and bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs allege that they are being housed with federal inmates in violation of some unspecified rule. Plaintiffs allege that there have been incidents of violence and destruction of legal materials by federal inmates that violate Plaintiffs' constitutional rights.

     Plaintiff Phifer's motion for leave to proceed *in forma pauperis* is granted and his initial partial filing fee is waived.. According to the statement submitted with his *in forma pauperis* application, Plaintiff Phifer has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     The other Plaintiffs, Ramon Pickens, Omar Martillo, and Nicholas Seidel, have failed to either pay the statutory filing fee or submit applications to proceed *in forma pauperis*. Accordingly, they are dismissed as Plaintiffs from this suit.

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

With respect to the claim made by Plaintiff Phifer (hereinafter, "Plaintiff"), under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

Plaintiff alleges that the Kane County Jail is housing federal inmates with pre-trial detainees, in violation of some unspecified rule.  He further alleges that he lives in fear of attack by the federal inmates, that there have been some attacks by federal inmates, and that the federal inmates have destroyed legal materials at the jail.

To the extent that Plaintiff is alleging unconstitutional conditions of confinement due to living in fear, he fails to state a claim.  *See Lamon v. McCann*, Case No. 08 C 0910, 2009 U.S. Dist. LEXIS 89179, *14 (N.D. Ill. September 29, 2009) (Aspen, J.) (The mere presence of menacing individuals within a prison facility was not, alone, enough to create an objectively serious risk of harm.... Regrettably, "[p]risoners are dangerous (that's why many are confined in the first place). . . . Some level of brutality.... among them is inevitable no matter what the guards do." *Birch v. Jones*, No. 02 C 2094, 2003 U.S. Dist. LEXIS 8639, 2003 WL 21210107, *3 (N.D. Ill. May 21, 2003) (Manning, J.), *quoting McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991)).

Additionally, to the extent that Plaintiff's claim is that the Kane County Jail is violating some rule requiring segregation of pre-trial detainees from federal inmates, he fails to state a claim.  *See, e.g., Germano v. Winnebago County*, 403 F.3d 926, 929 (7th Cir. 2005) (state's violation of its own laws (or prison rules) does not violate the Constitution; any remedy lies in state court); *Eftekhara v. Ill. Dep't. of Children & Family Servs.*, 661 F. Supp. 522, 529 (N.D. Ill. 1987) ("'The enforcement of state regulations is to be done through the state court system and not in an action under § 1983.'")

Further, while Plaintiff complains of legal books and materials being gratuitously destroyed by federal inmates at the jail, he has not sufficiently pled to state a claim for denial of access to the courts.  To succeed on a claim of denial of access to the courts, Plaintiff must be able to establish "prejudice suffered because of the defendants' alleged conduct." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (quoting *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)).  As Plaintiff has not alleged any actual prejudice relating to the destruction of legal materials at the jail, he has failed to state a claim.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted, and is closed on the Court's docket.  Plaintiff's motion for appointment of counsel is denied.  Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.  *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."